IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON JONES | : | CIVIL ACTION |
| *Petitioner* | : | |
| | : | NO. 08-4222 |
| v. | : | |
| | : | |
| JEFFREY BEARD, *et al.* | : | |
| *Respondents* | : | |

# O R D E R

**AND NOW**, this 13th day of June 2018, upon consideration of the pleadings and record herein, including, *inter alia*, the counseled petition for writ of *habeas corpus* filed on behalf of Petitioner Damon Jones ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Counseled Petition"), [ECF 20]; the response to the Counseled Petition filed by Respondents, [ECF 34]; Petitioner's counseled amended petition (the "Amended Petition"), [ECF 37], to which no response was filed; the state court record; the *Report and Recommendation* (the "R&R") issued on October 12, 2017, by the Honorable Carol Sandra Moore Wells, United States Magistrate Judge ("the Magistrate Judge"), [ECF 39], recommending that both the Counseled Petition and the Amended Petition be denied; and Petitioner's *pro se* objections to the R&R,[1] [ECF 41], it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED**;[2]

---

[1] Although Petitioner's counsel has neither sought nor has been given permission by this Court to withdraw as counsel of record, Petitioner filed *pro se* objections to the R&R on October 30, 2017, in accordance with 28 U.S.C. § 636(b)(1)(C) and Local Civil Rule 72.1.IV(b). While this Court need not consider *pro se* submissions from represented litigants, *see, e.g., United States v. Turner,* 677 F.3d 570, 578 (3d Cir. 2012) (citing *McKaskie v. Wiggins,* 465 U.S. 168, 183 (1984)), this Court has, in the interest of judicial economy, thoroughly reviewed and considered each of Petitioner's objections.

[2] Petitioner's objections are nothing more than an attempt to relitigate the various arguments raised in both the Counseled and Amended Petitions. Specifically, Petitioner contends that: (1) the trial court failed to instruct the jury on all of the elements required for first-degree murder and aggravated assault; (2) the trial court erred when it permitted the jury to infer his specific intent to kill from his alleged use of a deadly weapon on the vital organs of unintended victims; (3) the trial court impermissibly allowed the jury to find that Petitioner possessed a specific intent to kill based upon the acts of his co-conspirators; (4) the trial court erred in

2. Petitioner's amended petition for a writ of *habeas corpus*, [ECF 37], is **DENIED**; and

3. No probable cause exists to issue a certificate of appealability.

The Clerk of Court is directed to mark this matter **CLOSED**.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

instructing the jury on the elements of aggravated assault because its instruction did not comply with *Commonwealth v. Nichols*, 692 A.2d 181 (Pa. Super. Ct. 1997); (5) the criminal information filed against Petitioner violated due process, because it did not specify an essential element of the offense of first-degree murder, namely, that Petitioner specifically intended to kill Sylvester Williams; (6) the trial court and Commonwealth denied Petitioner's right to an effective appeal and/or preserve a *Batson* claim when they denied him access to transcripts of certain pretrial and trial proceedings; (7) the evidence adduced at trial was insufficient to sustain his convictions for first-degree murder and aggravated assault; and (8) post-verdict counsel was ineffective when presenting Petitioner's claims of trial counsel's alleged ineffectiveness. [ECF 41]. These objections merely mimic the arguments previously raised in the Counseled and Amended Petitions. This Court finds that the Magistrate Judge thoroughly reviewed each of these arguments and correctly concluded that Petitioner's claims were either procedurally defaulted or meritless. This Court has further reviewed the pertinent portions of the record *de novo* and does not find that any error was committed by the Magistrate Judge in the analysis of Petitioner's claims. Accordingly, the R&R is adopted and approved in its entirety, and Petitioner's objections are overruled.